SIGNED THIS: August 28, 2013

_____
**Thomas L. Perkins
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

IN RE:                                        )
                                              )
BRIAN A.M. RUSSELL and                        )    Case No. 13-80468
STEPHANIE SUZANNE RUSSELL,                    )
                                              )
                            Debtors.          )

O P I N I O N

An issue of statutory construction of an Illinois exemption statute is before the Court. Illinois has opted out of the federal bankruptcy exemption scheme so state law exemptions apply. The basic personal property exemptions available to Illinois debtors are found at 735 ILCS 5/12-1001. These include an unlimited exemption for the "debtor's right to receive a . . . public assistance benefit." 735 ILCS 5/12-1001(g)(1).

The Debtors filed this chapter 7 case on March 11, 2013. Their amended schedules indicate that before they filed, they received and deposited on March 1, 2013, federal and state tax refunds totaling $7,638, of which $4,140 is attributable to the Earned Income Credit (EIC) and the Additional Child Tax Credit (ACTC). They disclose that on the petition date, the sum of $6,685.15 remained on deposit in their bank account. They claim the entire

petition date account balance exempt, relying upon section 12-1001(g)(1) to exempt the $4,140 attributable to the EIC and ACTC. The remaining $2,066 is claimed exempt under section 12-1001(b), the wild card provision.

The Trustee does not dispute that tax refund amounts attributable to EIC and ACTC are "public assistance benefits" as that term is used in the Illinois statute. He contends that section 12-1001(g)(1) protects only the "right to receive" a payment, so that funds already received, even if traceable to a public assistance benefit, are not covered by the exemption.

The Debtors favor a more expansive interpretation of the statute. They argue that the Trustee's interpretation would defeat the intent of the legislature to protect public assistance benefits from attachment by creditors. They argue that EIC and ACTC benefits should be treated the same as social security benefits, which remain fully exempt after receipt. They also argue that, similar to Indiana law, received funds should be protected.

An Illinois appellate court issued an instructive opinion in *Fayette County Hosp. v. Reavis,* 169 Ill.App.3d 246, 523 N.E.2d 693 (Ill.App. 5 Dist. 1988), where a judgment debtor's certificate of deposit contained funds traceable to social security benefits. Construing section 12-1001(g), the court contrasted that provision with section 12-1001(h), which exempts not only a debtor's right to receive certain payments and awards, but also "property that is traceable to" such payments and awards. Reasoning that the omission in section 12-1001(g) of language exempting traceable property was purposeful, the court determined that the Illinois legislature did not intend to exempt property traceable to social security benefits, so that the certificate of deposit was not exempt. As section 12-1001(g)

2

applies equally to public assistance benefits and social security benefits, the *Reavis* decision's reasoning is valid and compelling here, where the Debtors are seeking to exempt funds traceable to public assistance benefits received prepetition.

The court's reasoning in *Reavis* was followed and extended by another Illinois appellate court in *In re Marriage of Pope-Clifton,* 355 Ill.App.3d 478, 823 N.E.2d 607 (Ill.App. 4 Dist. 2005), where the court was faced with an exemption claim in a bank account containing only funds received as Veterans Administration disability benefits. The funds were claimed exempt under section 12-1001(g)(2) exempting a debtor's right to receive a veteran's benefit and section 12-1001(g)(3) exempting a debtor's right to receive a disability benefit. Relying on the absence in section 12-1001(g) of language applying the exemptions to traceable property, the court, citing *Reavis,* held that traceable funds already received were not covered by section 12-1001(g).

Although neither *Reavis* nor *Pope-Clifton* dealt with public assistance benefits, the reasoning of those opinions is equally applicable to each of the categories of benefits described in section 12-1001(g). No Illinois court has issued a decision contrary to *Reavis* or *Pope-Clifton.* There is no reason to suspect that the Illinois Supreme Court would not apply the same reasoning to public assistance benefits.

An Illinois bankruptcy court recently followed *Reavis* and *Pope-Clifton* in *In re McQuaid,* 492 B.R. 514 (Bankr.N.D.Ill. 2013)(decided May 16, 2013), where the chapter 7 debtors claimed an exemption under section 12-1001(g)(3) in trust assets traceable to settlement proceeds from a disability insurance claim. Upholding the trustee's objection, the court held that section 12-1001(g), protecting only a debtor's right to receive certain

3

benefits, does not protect funds in the debtor's possession. Only the debtor's entitlement to receive future payments is covered by the exemption. The court denied the exemption claim. *Cf. In re Leitch,* --- B.R. ----, 2013 WL 3722091 (8th Cir.BAP 2013) (federal exemption in debtor's "right to receive" certain benefits did not protect funds already received).

The *McQuaid* court also relied upon an earlier bankruptcy court opinion in *In re Bowen,* 458 B.R. 918 (Bankr.C.D.Ill. 2011) (Gorman, J.), where the court applied the reasoning of *Reavis* and *Pope-Clifton.* In that case, the debtors claimed an exemption under section 12-1001(g)(3) in two disability insurance policies. Relying upon *Reavis* and *Pope-Clifton,* the court determined that the disability policies evidenced a contingent right to receive disability benefits in the future that were exempt under section 12-1001(g)(3).

This Court agrees with *McQuaid* and *Bowen* that the Illinois appellate court decisions in *Reavis* and *Pope-Clifton* correctly interpret the "right to receive" language in section 12-1001(g) as limiting the exemption to future benefits only. Funds already received may not be exempted under that provision. This Court predicts that the Illinois Supreme Court will adopt that reasoning when faced with the issue.

The Debtors argue that public assistance benefits should be treated the same as social security benefits, which they contend are fully exempt by federal law even once received so long as traceable, citing 42 U.S.C. § 407(a). That provision, however, expressly exempts social security benefits "paid or payable." The Illinois statute at issue is clear and unambiguous that only the debtor's right to receive certain benefits is exempt. That federal law provides a broader exemption for social security benefits has no effect on the interpretation of the Illinois statute.

4

The Debtors also argue that denial of the exemption would be bad policy and would defeat the legislative intent of section 12-1001(g) to protect public assistance benefits from a recipient's creditors. It is not for the Court to second guess the legislature's policy choice reflected in the language of the statute. The statute is clear that received funds are not exempt. Unambiguous statutes are interpreted literally unless the result would be absurd. This extraordinarily narrow exception does not apply here. Finally, the Debtors' argument that the Illinois exemption statute should be interpreted so as to provide the same exemption rights as those provided in neighboring states is a nonstarter.

The Trustee's objection to the Debtors' amended claim of exemptions (Doc. 28) will be granted. The Debtors' amended claim of exemption under section 12-1001(g)(1) in $4,140 on deposit in their bank account on the petition date, traceable to EIC and ACTC credits, will be denied. The pending Trustee's motion for turnover (Doc. 11) will be set for hearing.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###